UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT CR-08-213 RHK/AJB |
| Plaintiff, | ) |
| | ) (18 U.S.C. § 1343) |
| | ) (18 U.S.C. § 1346) |
| v. | ) (18 U.S.C. § 1030(a)(2)(C)) |
| | ) (18 U.S.C. § 1030(c)(2)(B)(i)) |
| MICHAEL DAVID ROBERTS, | ) |
| | ) |
| Defendant. | ) |

THE UNITED STATES GRAND JURY CHARGES THAT:

1. The Minneapolis Police Department is a government agency responsible for enforcing the laws of the State of Minnesota in Minneapolis, Minnesota.

2. At all times relevant to this Indictment, defendant MICHAEL DAVID ROBERTS was employed as a police officer with the Minneapolis Police Department and was a peace officer licensed by the State of Minnesota. As part of his official duties, the defendant took an oath to serve and protect the citizens of Minnesota and to uphold the laws of the State of Minnesota.

3. As part of his employment by the Minneapolis Police Department, a government agency responsible for enforcing the laws of the State of Minnesota in Minneapolis, Minnesota, the defendant owed his honest and faithful services to the State of Minnesota and its citizens, who held the intangible right to the defendant's honest services, performed free of deceit, fraud, dishonesty, conflict of interest and self-enrichment.

SCANNED
JUL 15 2008
U.S. DISTRICT COURT MPLS

FILED JUL 1 4 2008
RICHARD D. SLETTEN
JUDGMENT ENTD _____
DEPUTY CLERK _____

U.S. v. Michael David Roberts

4.     In accordance with Minnesota Statutes Section 609.43(2), it is a violation of State law for a public officer or employee who in the capacity of such officer or employee, does an act knowing it is in excess of lawful authority or knowing it is forbidden by law to be done in that capacity.

5.     4.     In accordance with Minnesota Statutes Section 609.43(4), it is a violation of State law for a public officer or employee to make a return, certificate, official report, or other like document having knowledge it is false in any material respect.

6.     In accordance with Minnesota Statutes Section 609.45, it is a violation of State law for a public officer or public employee, under color of office or employment, to receive or agree to receive a fee or other compensation in excess of that allowed by law or where no such fee or compensation is allowed.

7.     In accordance with Minnesota Statute Section 626.8457, the Minneapolis Police Department enacted policies and procedures including Rules of Conduct that prohibit, in relevant part, Minneapolis Police Officers from the following actions:

> Providing confidential information to any "person unauthorized" regarding suspects in a case or records of the Department.  (Minneapolis Police Department Code of Conduct, Rule 5-107, para. 7.)
>
> Providing information concerning the progress or future actions to be taken on an open investigation to any person not authorized to receive such information by the case investigator or the commanding officer of the investigating unit.  (Minneapolis Police Department Code of Conduct, Rule 5-107, para. 8.)

U.S. v. Michael David Roberts

> Failing to conduct themselves in a professional and ethical manner at all times and not engage in any on or off-duty conduct that would tarnish or offend the ethical standards of the department. (Minneapolis Police Department Code of Conduct, Rule 5-102.)

8. In or about August 2007, the defendant devised and intended to devise a scheme to defraud and to deprive the State of Minnesota and its citizens of the intangible right to the defendant's honest services, performed free of deceit, fraud, dishonesty, conflict of interest and self-enrichment, and caused the transmission of an interstate wire communication for the purpose of executing his scheme.

9. On August 9, 2007, the defendant met with a person, "T.T.," whom defendant understood was engaged in criminal activity. During that meeting, the defendant caused a National Crime Information Center (NCIC) internet inquiry and obtained nonpublic information from the State Driver Vehicle System ("DVS") regarding a Minnesota license plate number XXX XXX, which defendant then provided to T.T. When accessing this information, the defendant intentionally failed to notify the Minneapolis Police Department and concealed that his effort was not law enforcement related. This omission by the defendant was material. The defendant took $100 from T.T. for obtaining the information. The following day, T.T. asked for additional information, but the defendant indicated

U.S. v. Michael David Roberts

he could not provide at that time because he did not have a squad car at that moment.

10. On August 14, 2007, the defendant again met with T.T., this time in the defendant's squad car. At the beginning of this meeting, T.T. identified himself to the defendant as a member of the Gangster Disciples street gang. At the request of T.T., the defendant improperly accessed the Minneapolis Police Department "CAPRS" computer system and provided information to T.T. from the nonpublic portion of the CAPRS system. The information obtained by the defendant came from a police report regarding a person who was allegedly providing information to law enforcement regarding T.T.'s narcotics distribution activities. The defendant knew this information was nonpublic and knew it was illegal to provide the information to T.T. The defendant failed to notify the Minneapolis Police Department that this search of the CAPRS system was not law enforcement related. The defendant again took $100 from T.T. for obtaining the information.

11. Shortly after receiving the $100 from T.T., the defendant suspected that T.T. may have been working as an informant. Thereafter, The defendant filed a false police report, CCN: MP-07-269790, stating in the report "when the party left [T.T.], he moved to shake the officer's hand and actually put 5 - $20 bills in the officer's hand. This money was later property inventoried." The

4

U.S. v. Michael David Roberts

defendant never put the $100 that he received from T.T. into property, but instead used it for his own private purposes.

## COUNTS 1-2
(Deprivation of Honest Services Wire Fraud)

12. The Grand Jury realleges all of the allegations contained in paragraphs 1 through 11 of this Indictment, and incorporates them by reference as though they were set forth in full at this point.

13. From on or about August 9, 2007, through on or about August 14, 2007, in the State and District of Minnesota, and elsewhere, the defendant,

**MICHAEL DAVID ROBERTS,**

in furtherance of a scheme and artifice to defraud and to deprive the State of Minnesota and its citizens of the intangible right to the defendant's honest services, did knowingly and intentionally transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain signs, signals and sounds, in particular, as further described below:

| Count | Date | Wire Communication |
| --- | --- | --- |
| 1 | August 9, 2007 | Internet NCIC query to obtain nonpublic information regarding Minnesota license plate number XXX XXX |
| 2 | August 14, 2007 | Search of nonpublic portion of CAPRS system from MPD Squad Car via a computer server located in Kansas. |

5

U.S. v. Michael David Roberts

All in violation of Title 18, United States Code, Sections 1343 and 1346.

### COUNT 3
(Unauthorized Access to a Protected Computer)

14. The Grand Jury realleges all of the allegations contained in paragraphs 1 through 11 of this Indictment, and incorporates them by reference as though they were set forth in full at this point.

15. On or about August 14, 2007, in the State and District of Minnesota, and elsewhere, the defendant,

**MICHAEL DAVID ROBERTS,**

intentionally accessed a protected computer without authorization and exceeded authorized access to a protected computer and thereby obtained information from a protected computer, and his conduct involved an interstate communication; and he committed the offense for purposes of private financial gain; all in violation of Title 18, United States Code, Section 1030(a)(2)(C) and 18 U.S.C. § 1030(c)(2)(B)(i).

A TRUE BILL

_____     _____
ACTING UNITED STATES ATTORNEY     FOREPERSON